UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EURO CLASSICS, INC.,

    Plaintiff,

v.

EXEL GLOBAL LOGISTICS, INC.,

    Defendant.

CASE NO. C06-843JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion for summary judgment (Dkt. #26) from Exel Global Logistics, Inc. ("Exel"). Plaintiff Euro Classics, Inc. ("ECI") has not opposed the motion and no party has requested oral argument. The court GRANTS Exel's motion for the reasons stated below.

## II. BACKGROUND

ECI is in the business of importing gift items from overseas. In February 2005, ECI hired Exel to ship, warehouse, and distribute goods from China to the United States. Rangwirtz Aff. at ¶ 3; Ex. 1 (Services Agreement). ECI filed a complaint in the Superior

ORDER – 1

1  Court of New Jersey alleging that Exel made "customs freight errors" in the course of
2  shipment.  Exel removed to the United States District Court for the District of New Jersey on
3  the basis of diversity.  Shortly thereafter, Exel filed an answer in which it asserts a
4  counterclaim for breach of contract and a request for relief in the amount of $483,046.70 for
5  unpaid services.  On Exel's motion, the New Jersey district court transferred the action to this
6  court.  The only claim remaining in this suit is the counterclaim, on which Exel now moves
7  for summary judgment.[1]

## III.  ANALYSIS

9  In examining a summary judgment motion, the court must draw all inferences from the
10 admissible evidence in the light most favorable to the non-moving party.  Addisu v. Fred
11 Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is proper where there
12 is no genuine issue of material fact and the moving party is entitled to judgment as a matter of
13 law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden to demonstrate the
14 absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323
15 (1986).  Once the moving party has met its burden, the opposing party must show that there is
16 a genuine issue of fact for trial.  Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S.
17 574, 586-87 (1986).  The opposing party must present significant and probative evidence to
18 support its claim or defense.  Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551,
19 1558 (9th Cir. 1991).

20 Where the non-moving party, as here, fails to oppose a summary judgment motion, the
21 court must still apply the above standards consistent with Fed. R. Civ. P. 56.  Henry v. Gill
22 Indus., Inc., 983 F.2d 943, 949-50 (9th Cir. 1993) (holding that court may not grant summary

---

[1] The court previously dismissed all of ECI's claims without prejudice for failure to comply with a court order directing ECI to obtain local counsel (Dkt. ## 22, 25).

ORDER – 2

judgment merely because motion is unopposed, even where local rules are to the contrary). The court must determine if the moving party's papers are sufficient to demonstrate that there is no genuine issue of material fact and judgment is appropriate as a matter of law. See id. at 950.

The court concludes that Exel is entitled to summary judgment on its counterclaim. Exel provides evidence that it entered into a contract with ECI, performed various services under the contract, and demanded payment from ECI for services rendered. Rangwirtz Aff. ¶¶ 3-6. Exel employee David Rangwirtz further attests that Exel has yet to receive payment in response to 25 invoices, totaling $483,046.70. Id. at ¶¶ 7-9, Ex. 2-27. There is no contrary evidence before the court. Exel has met its burden to demonstrate the absence of a genuine issue of material fact for trial, and the court therefore grants summary judgment in its favor.

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS Exel's motion for summary judgment (Dkt. # 26) on its breach of contract claim in the amount of $483,046.70. The court directs the clerk to enter judgment consistent with this order.

Dated this 5th day of February, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 3